IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER  §
OF THE BAR OF THE SUPREME  § No. 291, 2017
COURT OF THE STATE OF  §
DELAWARE:  § Board Case No. 113239-R
  §
TIMOTHY P. CAIRNS,  §
  §
Petitioner.  §

Submitted: July 18, 2017
Decided: July 21, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 21st day of July 2017, it appears to the Court that:

(1)     On February 5, 2016, this Court suspended the petitioner, Timothy P. Cairns, from the practice of law for twenty-one months, retroactive to November 12, 2014.[1] Cairns was eligible to petition for reinstatement on or about August 12, 2016. He filed his petition for reinstatement on March 31, 2017. The Office of Disciplinary Counsel did not object to Cairns' petition.

(2)     The Board on Professional Responsibility held a hearing on Cairns' petition and filed its Report and Recommendation with this Court on July 18, 2017. The Board recommends that Cairns be reinstated with a single agreed-to condition that Cairns continue a monitoring program with DE-LAP

---

[1] *In re Cairns*, 2016 WL 462672 (Del. Feb. 5, 2016).

for one year. Neither Cairns nor the Office of Disciplinary Counsel have filed any objections to the Board's Report.

(3)     The Court has reviewed the Report and Recommendation carefully. The Court has determined that the Board's Report and Recommendation should be adopted in its entirety.

NOW, THEREFORE, IT IS ORDERED the Board's Report and Recommendation (which is attached) is hereby ACCEPTED. Timothy P. Cairns, Esquire shall be reinstated, effective immediately, as a member of the Bar of this Court subject to a one-year period of monitoring with DE-LAP.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

2

BOARD ON PROFESSIONAL RESPONSIBILITY
OF THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF A MEMBER OF THE )
BAR OF THE SUPREME COURT OF )
DELAWARE: )    **CONFIDENTIAL**
)
)    **Board Case No. 113239-R**
)
TIMOTHY P. CAIRNS, )
)
Petitioner. )

REPORT OF THE BOARD AND RECOMMENDATION OF REINSTATEMENT

This is the Report and Recommendation of the Board on Professional

Responsibility of the Supreme Court of the State of Delaware (the "Board") in the above-

captioned matter. A hearing was held on May 25, 2017, in the Leonard L. Williams

Courthouse, Grand Jury Room 2900, 500 North King Street, Wilmington, Delaware. The

Panel of the Board consisted of William T. Deely, Esq., Gary W. Ferguson and Robert S.

Saunders, Esq. (Chair) (collectively, the "Panel"). Petitioner Timothy P. Cairns was

represented by Charles Slanina, Esq. The Office of Disciplinary Counsel was represented

by Jennifer-Kate Aaronson, Esq.

I.    PROCEDURAL HISTORY

On September 23, 2014, at approximately 10:50 p.m., Mr. Cairns fell

asleep while operating his motor vehicle under the influence of alcohol, crossed the

roadway dividing line and struck an oncoming vehicle, injuring the driver of that vehicle.

On November 12, 2014, the Supreme Court granted Mr. Cairns's request

to transfer to disability inactive status. By Order dated February 5, 2016, the Supreme

Court suspended Mr. Cairns from the practice of law in Delaware for a period of 21 months retroactive to November 12, 2014. Mr. Cairns was eligible to petition for reinstatement on or about August 12, 2016.

Mr. Cairns filed a Petition for Reinstatement on March 31, 2017. On April 12, 2017, ODC filed an Answer in which it did not oppose reinstatement. The Panel held a hearing on May 25, 2017.

At the hearing, Mr. Cairns presented his own testimony and testimony from four witnesses, each of whom recommended reinstatement: Alice O'Brien, a licensed professional mental health counselor with substantial experience counseling patients with addictions, who has treated Mr. Cairns;[1] Laura Davis Jones, Esq., a member of the bar and managing partner of the firm where Mr. Cairns previously practiced and has recently worked as a law clerk;[2] R. Judson Scaggs, Esq., a member of the bar and Chairman of the Delaware Lawyers Assistance Committee, which assists Delaware attorneys who are impaired by alcohol or other substance abuse and addiction problems, or by emotional or mental illness or dysfunction;[3] and Carol Waldhauser, executive director of the Delaware Lawyers Assistance Program ("DE-LAP"), which facilitates treatment, support and monitoring for judges and lawyers going through quality of life or quality of professionalism issues, including alcoholism.[4] Mr. Cairns also submitted four

---

[1] Transcript at 6, 10 (O'Brien).

[2] Transcript at 23 (Jones).

[3] Transcript at 34-35 (Scaggs); Petitioners' Exhibit 3

[4] Transcript at 57 (Waldhauser); Petitioners' Exhibit 4.

2

exhibits, which were pre-hearing letters or reports to the Panel from each of the other witnesses, each of which was admitted without objection.

ODC stated at the hearing that, following further investigation after the filing of its Answer, it supported reinstatement and believed Mr. Cairns should be welcomed back to the bar.[5]

On June 6, 2017, a transcript of the hearing was provided to the Panel.

## II. FACTUAL FINDINGS

Immediately after the accident on September 23, 2014, Mr. Cairns contacted Ms. Jones[6] and DE-LAP.[7] He entered a twenty-eight day residential treatment program at a rehabilitation facility, Father Martin's Ashley.[8] He successfully completed and was discharged from that program.[9]

Mr. Cairns diligently pursued recovery and rehabilitation.[10] Mr. Cairns complied with his discharge instructions from Father Martin's Ashley, which included 90 Alcoholics Anonymous meetings in 90 days.[11] He entered into a two-year Agreement of Understanding with DE-LAP (which he later voluntarily extended) and executed consents and releases so that Ms. Waldhauser could coordinate services and verify his compliance

---

[5] Transcript at 6.

[6] Transcript at 24 (Jones).

[7] Transcript at 58 (Waldhauser).

[8] Now known as Ashley Addiction Treatment.

[9] Transcript at 58-59 (Waldhauser); Petitioners' Exhibit 4; Transcript at 83 (Cairns).

[10] Transcript at 62-63 (Waldhauser).

[11] Transcript at 83 (Cairns).

3

with the agreement.[12] Ms. Waldhauser met or spoke with Mr. Cairns weekly, including approximately 460 face-to-face contacts and approximately 92 phone calls.[13] Mr. Cairns has accepted and complied with all of her treatment recommendations.[14] Random testing confirmed that Mr. Cairns had not slipped in his recovery and consumed alcoholic beverages or controlled substances.[15] Mr. Cairns was on probation as a result of the criminal charges that arose from the accident, and Ms. Waldhauser received favorable reports on Mr. Cairns from the probation department.[16]

DE-LAP referred Mr. Cairns to Ms. O'Brien, and Ms. O'Brien began treating Mr. Cairns as a client in November 2014. For the first year, Mr. Cairns met with Ms. O'Brien weekly or bi-weekly and, since then, monthly.[17] Ms. O'Brien also observed Petitioner in weekly group therapy sessions from December 2014 to June 2015.[18] In total, she has counseled Mr. Cairns for more than one hundred hours.[19] Mr. Cairns complied with all recommended treatment and counseling.[20] Ms. O'Brien testified that she has never had a client as determined as Mr. Cairns.[21]

---

[12] Transcript at 59-61 (Waldhauser); Petitioners' Exhibit 4; Transcript at 85 (Cairns).

[13] Transcript at 69 (Waldhauser). The Delaware Lawyers Assistance Program's file on Mr. Cairns was admitted as Petitioners' Exhibit 4.

[14] Transcript at 62-64 (Waldhauser).

[15] Transcript at 64, 68-69 (Waldauser), 85 (Cairns).

[16] Transcript at 76-77 (Waldauser).

[17] Transcript at 12-13 (O'Brien); Petitioners' Exhibit 1.

[18] Petitioners' Exhibit 1.

[19] Petitioners' Exhibit 1.

[20] Transcript at 15-16 (O'Brien).

[21] *Id.*.

4

Beginning in the fall of 2014, Mr. Cairns also actively participated in weekly meetings of a lawyer support group with Mr. Scaggs, and regularly communicated with Mr. Scaggs by phone and email.[22] Mr. Scaggs testified that Mr. Cairns has been extremely diligent in his recovery, and a "model" of the "activities, lifestyle choices [and] attitude" that exemplify diligence.[23] Mr. Cairns has also assisted other lawyers with addition or substance abuse issues through DE-LAP.[24]

In February 2016, Mr. Cairns came back to his prior firm as a law clerk and has been working as a law clerk since then, approximately 25 hours per week.[25] He and the firm engaged counsel to assist them in crafting procedures to ensure that his employment as a law clerk did not constitute the practice of law.[26] As a law clerk, Mr. Cairns has worked directly for Ms. Jones, principally doing research and writing, and has done excellent work.[27] Because of his continuing work as a law clerk, Mr. Cairns has remained aware of recent developments in the law.[28] Ms. Jones believes that Mr. Cairns is competent and fit to return to the practice of law, and her firm expects that he will return to his position as a partner if he is reinstated.[29]

---

[22] Transcript at 36-38 (Scaggs); 84 (Cairns).

[23] Transcript at 36-37 (Scaggs); Petitioners' Exhibit 3.

[24] Transcript at 16-17 (O'Brien).

[25] Transcript at 26 (Jones); Petitioners' Exhibit 2.

[26] Transcript at 80-82 (Cairns).

[27] Transcript at 26-27 (Jones).

[28] Transcript at 31 (Jones); 96-97 (Cairns).

[29] Transcript at 26, 31 (Jones); Petitioners' Exhibit 2; Transcript at 97 (Cairns).

Mr. Cairns has been sober since September 23, 2014,[30] and is committed to remaining in treatment and recovery.[31] Ms. O'Brien explained that an alcoholic who has remained sober for a year is considered to be in remission, and further explained that in her field sobriety for 2.5 years is considered a mark of rehabilitation.[32] Ms. Jones believes Mr. Cairns is rehabilitated and has seen no signs of slippage in his recovery.[33] Mr. Scaggs also believes that Mr. Cairns has rehabilitated himself and is ready to practice law again.[34] Mr. Scaggs noted that Mr. Cairns has integrated himself into a community of others in recovery and is active in helping others within the community,[35] and explained that in his experience, this integration is a "very good indicator" that Mr. Cairns will continue his recovery "for the long-term."[36] In addition, Mr. Scaggs states that Mr. Cairns "has demonstrated – for an extended period – the emotional stability, candor, good judgment and willingness to make positive lifestyle choices that are the hallmarks of strong and lasting recovery for attorneys."[37]

---

[30] Transcript at 84 (Cairns); Petitioner's Exhibit 1.

[31] Transcript at 19 (O'Brien).

[32] Transcript at 20-21 (O'Brien).

[33] Transcript at 29 (Jones).

[34] Transcript at 47-48 (Scaggs).

[35] Transcript at 40, 42-44 (Scaggs).

[36] Transcript at 41, 53-56 (Scaggs).

[37] Petitioners' Exhibit 3.

Ms. Waldhauser testified that Mr. Cairns's alcoholism is in remission, that he has rehabilitated, and that he has put safeguards in place so that his recovery will continue.[38] Her report to the Panel concludes as follows:

> Mr. Cairns is fully aware that the root of his past personal and legal problems in the past was his substance abuse disorder, his lack of coping skills and his lack of support. Accordingly, Mr. Cairns too is aware that his long-term sobriety and recovery depends on the following: (a) his abstinence from alcohol; (b) his continued participation in the 12 Step Fellowship; his continued involvement with both The Delaware Lawyers Assistance Program (DE-LAP) and the Lawyers Assistance Committee.
>
> Mr. Cairns' proactive, constructive activities and treatment consistently throughout the past two and on-half years are clear evidence that he has taken the responsibility for his own personal health and fitness. Presently, Mr. Cairns' conduct and general moral character could not be better. Moreover, Mr. Cairns:
>
> A. Has treated problems of health and wellness and today, as confirmed by all licensed health care professionals, is fit to practice law;
>
> B. That a number of years have elapsed since the last offense of unprofessional conduct that led to his initial disability;
>
> C. That his current attitude about the prior offenses, e.g., acceptance of responsibility for, and renunciation of, past wrongdoing and remorse are clearly evident;
>
> D. That his recovery is demonstrated by a meaningful and sustained period of successful rehabilitation; and
>
> E. He has shown candor, sincerity, honesty in all of his filings and proceedings.
>
> In my professional opinion as Mr. Cairns' monitor for the past two and half years, I believe firmly that Mr. Cairns is a man of focus, clarity, commitment, moral fiber and sound judgment. Furthermore, I believe firmly that Mr. Cairns' prognosis for continued success in living a clean, sober and ethical life is excellent with the safeguards that he knows he must implement – one day [at] a time. For these reasons, I do not believe

---

[38] Transcript at 66-67 (Waldhauser).

7

that Mr. Cairns is a threat to the public and I support his efforts for reinstatement.[39]

Mr. Cairns has committed to remain involved with DE-LAP assisting other members of the Delaware bar.[40] He has established an extensive "safety net" of family, friends and professional colleagues who are fully aware of his situation and understand how important his sobriety is, and would immediately recognize a problem from any lapse in sobriety.[41]

## III.   ANALYSIS

To earn reinstatement, Mr. Cairns must prove by clear and convincing evidence each of the eight elements set forth in Delaware Lawyers' Rule of Disciplinary Procedure 22(g). He met this burden. He testified credibly and convincingly about his ongoing commitment to recovery.[42] Each of the other four witnesses has spent many hours with Mr. Cairns over the last thirty months and testified that he is fit and ready to return to the practice of law.

(a)     "the petitioner's professional rehabilitation, including substantial rehabilitation from any drug or alcohol problem from which the petitioner had suffered"

Mr. Cairns has made exemplary efforts to address the causes and consequences of his behavior that led to the accident in September 2014, the resulting criminal charges, and his suspension. Mr. Cairns has been completely sober since the

---

[39] Petitioners' Exhibit 4 at p.4.

[40] Transcript at 44 (Scaggs); 67 (Waldhauser), 90-91, 101 (Cairns).

[41] Transcript 104-114 (Cairns).

[42] Transcript 89-91, 97-99 (Cairns).

8

accident. He successfully completed a residential treatment program, has actively engaged in extensive professional and peer counseling for a long period of time, and has made important changes in his behavior and lifestyle. Witnesses explained that alcoholism is considered to be "in remission" after a year of sobriety, and Mr. Cairns's counselors and monitors, who have spent hundreds of hours with him, consider him to be rehabilitated. Mr. Cairns has also established a substantial "safety net" to further minimize any remaining risk of recurrence of alcohol-related problems.

(b) "the petitioner's compliance with all applicable disciplinary orders and other rules, including conditions of restitution"

Mr. Cairns has fully complied with the terms of his suspension. He paid the ODC costs incurred in connection with the underlying prosecution.[43] He complied with all of the conditions of his probation, including restitution.[44] The judgment against Mr. Cairns in the related civil action has been satisfied.[45]

(c) "the petitioner's fitness to practice"

All witnesses expressed the informed and experienced view that Mr. Cairns is fit to return to practice. He has diligently and responsibly addressed the only cause of his suspension.

(d) "the petitioner's overall competence and current awareness of recent developments in the law"

---

[43] Transcript at 80 (Cairns).

[44] Transcript at 87-88 (Cairns).

[45] Transcript at 104 (Cairns).

9

Since February 2016, Mr. Cairns worked as a law clerk in order to prepare for potential reinstatement while scrupulously complying with the terms of his suspension from the practice of law. Ms. Jones confirmed his competence and awareness of recent developments, and her firm has demonstrated its confidence in his abilities by its willingness to take him back as a partner.

(e)     "that the petitioners has not engaged in any other professional misconduct in any jurisdiction since suspension or disbarment"

Mr. Cairns has not engaged in any professional misconduct in any jurisdiction since the accident that led to his suspension.[46]

(f)     "that the petitioner sincerely recognizes the wrongfulness and seriousness of any misconduct upon which the suspension or disbarment was predicated"

Mr. Cairns testified credibly and convincingly as to his recognition of the wrongfulness and seriousness of the conduct that led to his suspension and to his remorse for the injury he caused.[47] Other witnesses who have spent many hours with Mr. Cairns in recent years corroborated his testimony.[48]

(g)     "that the petitioner has the requisite honesty and professional integrity to resume the practice of law"

Mr. Cairns's honesty and professional integrity have never been in issue. Nevertheless, Mr. Cairns has also convincingly demonstrated honesty and personal and

---

[46] Transcript at 82-83 (Cairns).

[47] Transcript at 92-95 (Cairns).

[48] Transcript at 45-46 (Scaggs), 64-65 (Waldhauser).

10

professional integrity in his efforts to address the causes of his suspension and throughout his period of suspension.[49]

  (h)  "that the petitioner's resumption of the practice of law will not be detrimental to the administration of justice"

Mr. Cairns convincingly demonstrated his commitment both to his own rehabilitation and to the assistance of other members of the bar, and proved that his reinstatement with not be detrimental to the administration of justice.

## IV. CONCLUSION

The Panel is pleased to recommend that Mr. Cairns be reinstated to the bar, having proven each element of Rule 22(g) by clear and convincing evidence.

ODC supports reinstatement, but suggests that to help to protect not only the public but Mr. Cairns himself the reinstatement be conditioned upon "very tailored, narrowed monitoring by DE-LAP" for a period of one year.[50] There are substantial grounds in the record to conclude that such a condition is unnecessary. However, because Mr. Cairns does not oppose such a condition[51] and testified that he intends to continue under a monitoring agreement with DE-LAP in all events,[52] for the reasons identified by ODC, the Panel recommends that reinstatement of Mr. Cairns be subject to

---

[49] *E.g.*, Transcript at 51-52 (Scaggs).

[50] Transcript at 123-24.

[51] Transcript at 117-18.

[52] Transcript at 101 (Cairns).

11

the condition that he continue under a monitoring agreement acceptable to DE-LAP for a period of one year from reinstatement.

William T. Deely, Esq.

Gary W. Ferguson

Robert S. Saunders, Esq. (Chair)

811754-WILSR01A - MSW

the condition that he continue under a monitoring agreement acceptable to DE-LAP for a period of one year from reinstatement.

_____
William T. Deely, Esq.

_____
Gary W. Ferguson

_____
Robert S. Saunders, Esq. (Chair)

the condition that he continue under a monitoring agreement acceptable to DE-LAP for a period of one year from reinstatement.

_____

William T. Deely, Esq.

_____

Gary W. Ferguson

_____/s/ Robert S. Saunders_____

Robert S. Saunders, Esq. (Chair)

12

## Montgomery, William (Courts)

| | |
|---|---|
| **From:** | Saunders, Robert S <Rob.Saunders@skadden.com> |
| **Sent:** | Tuesday, July 18, 2017 7:57 AM |
| **To:** | Montgomery, William (Courts); cslanina@delawgroup.com; Aaronson, Kate (Courts) |
| **Subject:** | In re Cairns |
| **Attachments:** | Doc_075147.pdf; ATT00001.htm |

Bill and Counsel

Attached is the report and recommendation of the Panel in this matter.  Please let me know if you have any questions or need anything further.

Regards,

Rob

Sent from my iPhone

Begin forwarded message:

> **From:** Saunders Robert S <Rob.Saunders@skadden.com>
> **Date:** July 18, 2017 at 7:52:32 AM EDT
> **To:** Saunders Robert S <Rob.Saunders@skadden.com>
> **Subject: Scanned Document(s)**

---

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

1